UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NADIA WINSTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-456** |
| **JEFFERSON PARISH HOUSING AUTHORITY, ET AL.** | **SECTION: "G"** |

## ORDER

Pending before the Court is Defendants Soly Rosario and Michele Livingston's (collectively, "Moving Defendants") "Motion to Dismiss."[1] Plaintiff Nadia Winston has not filed an opposition to the motion, and therefore the motion to dismiss is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[2] Considering the motion, the memoranda in support, the record, and the applicable law, the Court denies the motion and grants Plaintiff leave to amend the Complaint.

### I. Background

On March 23, 2021, Plaintiff filed a Complaint in this Court against Defendants Soly Rosario, Michele Livingston, and the Jefferson Parish Housing Authority ("JPHA").[3] Plaintiff seeks to recover money she alleges is owed to her under the Jefferson Parish Family Self Sufficient Program (the "FSSP").[4] She alleges that she is owed $45,000 from the FSSP because

---

[1] Rec. Doc. 17.

[2] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir.1993).

[3] Rec. Doc. 6.

[4] Rec. Doc. 6-1 at 5.

1

she has completed all of her goals under the program.[5] In addition, she alleges that she suffered discrimination based on disability and familial status.[6] She asserts that in May 2019, "Laura an employee stated you have 8 kids as [plaintiff] was talking to another client."[7] She also states that her children are disabled.[8] Lastly, she asserts a claim for retaliation.[9] She alleges that in May 2019, she told Defendant Rosario that she was reporting the JPHA to the US Department of Housing and Urban Development, and was terminated from the JSSP program a few months later.

The Complaint identifies Rosario as a "supervisor" of "Nan McKay/Hud," and Livingston as "Director of HAJP Nan McKay Hud."[10]

On September 28, 2021, Moving Defendants filed the instant motion to dismiss.[11] The motion was noticed for submission on October 20, 2021.[12] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[13] Thus, the deadline for Plaintiff to oppose the motion was October 12, 2021. To date, no opposition has been filed. Therefore, the Court deems the motion to be unopposed.

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2.

[11] Rec. Doc. 17.

[12] *Id.*

[13] EDLA Local Rule 7.5.

## II. Parties' Arguments

### A.     *Moving Defendants' Arguments in Support of the Motions to Dismiss*

With respect to Plaintiff's claim that she is owed money under the FSSP, Moving Defendants argue that Plaintiff entered into a contract regarding the FSSP with the JPHA, not Moving Defendants.[14] Moving Defendants further argue that Plaintiff has failed to make specific allegations regarding what, if anything, Moving Defendants did to breach the contract, or what relief they can provide.[15] Therefore, Moving Defendants argue that Plaintiff's claim must be dismissed.[16]

With respect to Plaintiff's claims for discrimination and retaliation, Moving Defendants argue that Plaintiff cannot bring a claim for violations of the Fair Housing Act against them individually.[17] Moving Defendants assert that any actions taken were within the scope of their employment with Nan Mckay, a contractor for the JPHA, and thus Plaintiff can only sue their employer for any alleged violation of the Fair Housing Act.[18]

### B.     *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

Plaintiff is proceeding *pro se* and has not filed an opposition to the motions to dismiss.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[14] Rec. Doc. 17-1 at 3.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

failure to state a claim upon which relief can be granted."[19] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[21] "Factual allegations must be enough to raise a right to relief above the speculative level."[22] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[23]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[24] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[25] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[26] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[27]

The complaint need not contain detailed factual allegations, but it must offer more than

---

[19] Fed. R. Civ. P. 12(b)(6).

[20] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[22] *Twombly*, 550 U.S. at 556.

[23] *Id.* at 570.

[24] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[25] *Iqbal*, 556 U.S. at 677–78.

[26] *Id.* at 679.

[27] *Id.* at 678.

mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[28] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[29] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[30] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[31]

When a party is proceeding *pro se*, their filings are to be "liberally construed."[32] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[33] The Court should "examine all of [the] complaint, including attachments."[34] Nevertheless, a pro se complaint must still "set forth facts giving rise to a claim on which relief may be granted."[35]

### IV. Analysis

Plaintiff claims that she is owed money under the FSSP. Moving Defendants argue that they cannot be held liable for this claim because the FSSP involves contracts between participants

---

[28] *Id.*

[29] *Id.*

[30] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[31] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[32] *Erickson*, 551 U.S. at 94.

[33] *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[34] *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005).

[35] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

and the JPHA, and that they are not parties to Plaintiff's FSSP contract with JPHA.[36] They further argue that the Complaint does not state a cause of action against them because it does not offer any allegations of what they did to breach the contract.[37]

The Court agrees. Construing the Complaint liberally, as the Court must given Plaintiff's *pro se* status, the Complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as required under Rule 8.[38] The Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[39] The Complaint here does not allege any facts regarding what actions Moving Defendants took that entitle Plaintiff to relief. Therefore, the Complaint is insufficient to state a claim against Moving Defendants.

In addition, the Court finds that Plaintiff's claims for discrimination and retaliation do not properly allege a cause of action against Moving Defendants under the Fair Housing Act. The Complaint does not allege any facts to suggest that Moving Defendants acted in any capacity other than within the scope of their employment with Nan McKay and Associates, Inc. In *Meyer v. Holley*, the Supreme Court explained that "an action brought for compensation by a victim of housing discrimination is, in effect, a tort action."[40] As a result, traditional vicarious liability rules apply, and "it is the corporation, not its owner or officer, who is the principal or employer, and

---

[36] Rec. Doc. 17–1 at 3.

[37] *Id.*

[38] Fed. R. Civ. P. 8(a)(2).

[39] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[40] *Meyer v. Holley*, 537 U.S. 280, 285 (2003).

thus subject to vicarious liability for torts committed by its employees or agents."[41] Accordingly, because Plaintiff has not alleged that Moving Defendants were acting outside the scope of their employment, Plaintiff cannot allege a cause of action against them individually under the Fair Housing Act. Therefore, the Complaint fails to state a claim upon which relief can be granted against Moving Defendants.

However, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."[42] When a party is proceeding *pro se*, a court "generally . . . errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[43] Accordingly, the Court will grant Plaintiff leave to amend the Complaint. The amended complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[44] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[45]

---

[41] *Id.* at 286.

[42] Fed. R. Civ. P. 15(a)(2).

[43] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[44] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[45] *Twombly*, 550 U.S. at 570.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Moving Defendants' "Motion to Dismiss"[46] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Nadia Winston is granted leave to amend the complaint within 30 days of this Order to cure the deficiencies noted, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Moving Defendants are granted leave to re-urge their motion to dismiss.

**NEW ORLEANS, LOUISIANA**, this 16th day of December, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 17.